IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONNIE LEE STANDLEY, | Cause No. CV 24-118-GF-DWM |
| Plaintiff, | |
| vs. | ORDER |
| CORECIVIC AND HSA YOUNG, | |
| Defendants. | |

On July 7, 2025, Plaintiff Donnie Lee Standley filed an Amended Complaint (Doc. 38.) The pleading names additional defendants not named in his original Complaint. Thus, this Order screens the Amended Complaint and orders limited additional service on new defendants. Standley has also filed a motion to compel. (Doc. 40.) The motion is denied.

I.    Amended Complaint

Standley's Amended Complaint names new State of Montana defendants who were not named in his original Complaint: Governor Greg Gianforte, Department of Corrections Director Brian Gootkin, and three Montana State Prison employees, Gram, Melissa Scharf, and Harris. (Doc. 38 at 3.) The content of the Amended Complaint includes allegations that Defendants Gram, Scharf, and Harris

1

retaliated against him for the filing of this lawsuit and interfered with his medical care. *Id.* The Amended Complaint will be served on them. However, Standley has failed to state a claim against either Gianforte or Gootkin. His allegations against both of them are that they "approved a formulary notice on 1.29.25." *Id.* He later states that these two "implemented policy which allowed this to happen to Standley," referring to Standley not receiving certain medication and having an adverse reaction. (Doc. 38 at 7.) Standley is proceeding on an Eighth Amendment medical care claim. (His Amended Complaint also alleges Fifth and Fourteenth Amendment claims to "be free of abuse of discretion," but that is not a viable claim; perhaps he intends to state a due process claim, though the factual basis of that is unclear. (Doc. 38 at 4.)) Standley's allegations against Gianforte and Gootkin do not state a claim for deliberate indifference to his serious medical need. He has stated no facts to show that they were aware of his conditions or his need for any particular medicine. Nor does he specify what this policy was and how it impacted him. Service on Gianforte and Gootkin will not be ordered, and they will be dismissed.

II.    Motion to Compel

Standley has moved to compel the production of various documents from Defendants counsel and requests a subpoena for Deer Lodge Hospital. (Doc. 40.) Standley received thousands of pages of medical records but identifies specific

documents that he expected to receive and did not, including records from relatively recent hospital visits following his transfer back to Montana State Prison. (Doc. 40 at 2.)

Defendants respond that they have turned over all of the documents they have, including resending various documents that Standley specifically alleged in his motion were missing. CoreCivic Defendants also point out that some of the care he has received since his transfer back to Montana State Prison was unknown to them, and thus, they could not have produced records related to it. In fact, they posit that it was Standley's responsibility to identify or obtain those records and produce them to Defendants. Nonetheless, Defendants state they plan to subpoena the documents Standley has requested and produce them to Standley. In sum, Standley has not provided grounds to compel additional discovery, and his requests appear to be either moot or likely to be moot soon.

More importantly, Standley failed to comply with L.R. 26.3(c). In the future, Standley's failure to comply with the rule will result in summary denial, as authorized by the rule. ("The court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.") Standley's motion is a perfect example of the reason for the rule. If he had discussed his concerns with opposing counsel before filing his motion, he would have learned that they would assist where they could, and that they had no

obligation to assist in other respects. Failure to communicate with them wasted everyone's time and resources.

Accordingly, it is HEREBY ORDERED:

1. Standley's motion to compel is DENIED. (Doc. 40.)

2. By separate order of the Court, Standley's Amended Complaint will be served on Defendants Gram, Scharf, and Harris. Proposed Defendants Gianforte and Gootkin are dismissed.

3. Standley must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to do so may result in dismissal of this action without notice to him, pursuant to Fed. R. Civ. P. 41(b).

DATED this 29th day of July, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

4