IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

DONNIE LEE STANDLEY,

Plaintiff,

vs.

CORECIVIC, ET AL.,

Defendants.

Cause No. CV 24-118-GF-DWM

ORDER

Plaintiff Donnie Lee Standley has three pending motions: a motion to appoint counsel, a motion for a preliminary injunction, and a motion for extension of time. (Docs. 84, 86, and 87.) State Defendants have responded to the motion for preliminary injunction. (Doc. 81 and 82.) Standley's motion for an extension is granted. His motions for the appointment of counsel and an injunction are denied.

## I.    MOTION FOR PRELIMINARY INJUNCTION

A. Factual Background

The following background is taken for context from Standley's Second Amended Complaint. (Doc. 38.) Standley's primary complaint is about the medical care he received while incarcerated at Crossroads Correctional Center, Shelby, Montana, and Montana State Prison, Deer Lodge, Montana. (Doc. 38 at 5.) Standley alleges he was diagnosed with clear cell renal cell carcinoma and did not

1

receive the proper medical care at Crossroads. Subsequently, he filed this action. Staff retaliated against him for doing so by confiscating and destroying his property and other means. (Doc. 38 at 5.) Standley was then transferred to Montana State Prison, where he has received some medical treatment but has been denied other treatment.

B. Analysis

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original.) The party seeking an injunction must show that: 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in their favor; and 4) an injunction is in the public interest. *Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson,* 968 F.3d 985, 989 (9th Cir. 2020). Thus, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Disney Enters., Inc. v. VidAngel, Inc.,* 869 F.3d 848, 856 (9th Cir. 2017).

The Prison Litigation Reform Act ("PLRA") further constrains the Court's authority to enter an injunction.

> Preliminary injunctive relief must be narrowly drawn, extend no
> further than necessary to correct the harm the court finds requires

2

preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). But a court may not deny a preliminary injunction motion and thereby "allow constitutional violations to continue simply because a remedy would involve intrusion into" an agency's administration of state law. *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023) (internal citation omitted.)

Though Standley's brief addresses the *Winter* elements, he fails to meet the standard required for issuance of an injunction.

### 1.  Likelihood of Success on the Merits

Standley's assessment of the factor of whether he is likely to succeed on the merits is perfunctory. (Doc. 86 at 6.) Standley relies on *Estelle v. Gamble*, 429 U.S. 97, 105 (1976), to assert that "what defendants have done—"intentionally refusing to provide access to medical care"—was specifically singled out by the Supreme Court as unconstitutional "deliberate indifference."" (Doc. 86 at 6.) This legal proposition is undisputed, but there is no factual support for his general conclusion that that is what Defendants have done.

Defendants respond that Standley has not carried his burden to show that he is likely to succeed on the merits. (Doc. 88 at 5.) Defendants do not contest Standley's assertions, but merely point out the lack of evidence in the record. Defendants also assert that Standley's motion introduces numerous allegations

unrelated to his Second Amended Complaint, that are thus improper as a basis for an injunction. (Doc. 88 at 6.)

In reply, Standley states that he has "over 150 pages of paper that show just that," that he is likely to succeed on the merits. (Doc. 89 at 3.) He discusses his current situation with a lung infection, but also refers to the allegations he made in his Second Amended Complaint, that CoreCivic doctors lied to him about his cancer situation and delayed treatment.

Lack of medical care in a prison context may give rise to an Eighth Amendment claim. To prevail, Standley must show that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986). The Ninth Circuit employs a two-prong test for deliberate indifference to medical needs. A plaintiff first must show "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). A plaintiff then must show "the defendant's response to the need was deliberately indifferent." *Id.*

This two-pronged test consists of an objective and subjective element. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). The first prong, serious

4

medical need, is objectively shown by demonstrating that "failure to treat the injury . . . could result in further significant injury or cause the unnecessary and wanton infliction of pain." *Id.* (internal quotation marks omitted). The second prong, deliberate indifference, involves a subjective assessment of whether a defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (internal quotation marks omitted). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

Standley has failed to carry his burden to show he is likely to prevail on the merits. The "evidence" on the motion consists only of Standley's declaration. (Doc. 86-1.) In it, Standley relies on the allegations of his Second Amended Complaint to restate his claims against Defendants Gerig, Sharf, Steyh, Gram, and non-parties defense counsel O'Connor, Gilman, and the prison library legal assistance. *Id.* and that Defendant Gerig, at Crossroads, denied and delayed treatment. (Doc. 86-1 at 2.) Standley focuses on Crossroads again in his reply brief. Gerig has not responded to this motion. However, as Standley is no longer at Crossroads, injunctive relief directed at Gerig would be futile. Standley will likely have to rely on his damages claim at trial related to any occurrence at Crossroads.

Standley's allegations regarding Defendant Melissa Scharf at Montana State Prison do not carry his burden to prove likelihood on the merits. Standley alleges Scharf took medication from him that "caused complications." (Doc. 86-1 at 2.) Otherwise, Standley generally asserts that he is "not receiving full access to medical care" and he lists various infirmities including migraines for years, fatty liver, "some unknown pulmonary disease," and red bumps on his skin. (Doc. 86-1 at 2 – 3.) There are no allegations in his Declaration related to his original medical issue, treatment for cancer. There are no records regarding his care, or any other evidence to support his legal conclusions based on his care.

"To merit the extraordinary award of a preliminary injunction, the supporting materials presented to the court must be based on evidence not speculation." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1198 (9th Cir. 2024) (citation omitted). Standley has not shown he is likely to succeed on the merits of his Eighth Amendment claim. Even if his serious need is assumed—and it cannot be, because his asserted serious need, cancer, is not even mentioned in his declaration—he has not produced any evidence to show that any treatment he has received is inadequate. Standley has provided insufficient evidence to show that "the [chosen] course of treatment . . . was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." *Toguchi v. Chung*,

391 F.3d 1051, 1068 (9th Cir. 2004). Any injunction related to medical care would be entirely speculative as to what care is required.

The same goes for Standley's allegations of retaliation. His assertions are too vague and without evidentiary support for any injunctive relief to be fashioned, other than a blanket statement that Defendants shall not violate Standley's constitutional rights.

### 2. Likelihood of Irreparable Harm

As to the likelihood of irreparable harm, Standley's brief focuses on the legal standard of a constitutional violation. (Doc. 86 at 3.) Standley's factual assertions as to harm are only that "because of the nature of his medical conditions, the cancer can spread and his other medical conditions could progress causing death." (Doc. 86 at 4.) Standley's assertion of irreparable harm regarding his retaliation claims is the loss of property and his reclassification. (Doc. 86 at 4.) He alleges that Defendants have written him up disingenuously in an attempt to chill his interest in litigation.

In response, Defendants reiterate that Standley has provided no evidence to show he would suffer irreparable harm, either medically, or in terms of retaliation.

"Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the

plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A "showing of a mere possibility of irreparable harm is not sufficient under *Winter.*" *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1198 (9th Cir. 2024).

Standley's only concrete allegations of harm are the loss of property, which, though challenging, is not irreparable under the circumstances. Theoretically, retaliation, as a constitutional violation, could result in irreparable harm, but he has established nothing other than the possibility of retaliation. There is no evidence in the record to establish that retaliation has occurred, other than Standley's allegation. An injunction directing Defendants to "cease retaliation" would be meaningless and unsupported.

### 3. The Balance of Equities/Public Interest

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940 (9th Cir. 2020). In this case, the balance of the equities and the public interest weigh against an injunction.

Given that the other factors weigh against issuance of an injunction, the deference owed to the administrative expertise of prison staff ends the analysis. As there is no evidence in the record as to Standley's current medical needs, a mandatory injunction forcing the prison to provide him the care he wants would be

unmanageable precedent. Any prisoner could allege he requires certain care and obtain an order directing that care without proof. The public interest weighs against such an unsupported injunction.

Finally, Standley is seeking a mandatory, rather than a prohibitive, injunction. That is, he is seeking an order that is intended to change, rather than preserve, the status quo. A "mandatory injunction orders a responsible party to take action" and "is particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878-79 (9th Cir. 2009) (citation and quotation marks omitted).

Standley's motion for a preliminary injunction is denied.

## II.    MOTION FOR APPOINTMENT OF COUNSEL

Standley's renews his motion for appointment of counsel, with a brief in support. (Docs. 84 and 85.) His challenges include a range of practical difficulties, to more advanced legal concerns. However, nothing has changed the assessment that Standley's case, while challenging, is not an extraordinary case that compels the Court to request counsel on Standley's behalf. (28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1); *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).) As the above analysis demonstrates, Standley has not yet established he is likely to prevail on the merits, and he has represented himself

adequately thus far. Standley's case will again be provided to members of the District of Montana bar for their consideration.

## III.   MOTION FOR EXTENSION

Standley seeks an extension of time to respond to Defendants' discovery requests. (Doc. 87.) Standley explains that he has several challenges with timely response, including lack of access to copies, and the expense of copies. Standley does not request a specific amount of time, but is concerned about the May discovery deadline. Standley will be granted additional time to respond to Defendants.

In addition, Standley states that Defendants have told him a certain policy he has requested is available on his tablet, but he has not been able to access it. Defendants will be directed to provide him a paper copy.

Accordingly, it is HEREBY ORDERED:

1.   Standley's motion for an extension is GRANTED. (Doc. 87.) He shall have until April 10, 2026 to serve his responses. In addition, Defendants shall provide Standley with a paper copy of the policies he has requested that they have told him are available to him electronically.

2.   Standley's motion for the appointment of counsel is DENIED, subject to renewal. (Doc. 84.)

3.   Standley's motion for a preliminary injunction is DENIED. (Doc. 86.)

4.     At all times, Standley must update the Court and opposing counsel with any changes to his address. Failure to do so may result in dismissal for failure to prosecute. Fed. R. Civ. P. 41.

DATED this 20ᵗʰ day of March, 2026.

_____
Donald W. Molloy, District Judge
United States District Court

11